Manley v. Mickle.

*For reversal*—THE CHIEF-JUSTICE, DEPUE, LIPPINCOTT, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, KRUEGER—9.

*For affirmance*—None.

GEORGIANA MANLEY, appellant,

*v.*

JOHN J. MICKLE, respondent.

1. The owner of land put a mortgage upon it and then sold and conveyed the equity of redemption. In a foreclosure bill it was claimed that, by force of his purchase of the property so encumbered, the grantee of the mortgagor became liable for the deficiency in case a sale of the premises did not produce a sum sufficient to pay the claim of the complainant.—*Held*, that a decree establishing such liability in the grantee, although erroneous, was conclusive so long as it remained unreversed.

2. On petition by the mortgagor, such foreclosure bill was permitted to be amended in order to show that when he conveyed the equity of redemption his grantee stipulated to pay the money secured by the mortgage, and that such fact had been omitted from the bill from inadvertence.

On appeal from an order advised by Vice-Chancellor Pitney, whose opinion is reported in *Forman* v. *Manley, 7 Dick. Ch. Rep. 712.*

*Mr. James H. Van Cleef,* for the appellant.

*Mr. Halsted H. Wainright,* for the respondent.

The opinion of the court was delivered by

BEASLEY, C. J.

The decree appealed from, we think, should be affirmed. In this respect, our views are in harmony with those of the vice-chancellor who advised the determination that has obtained.

But, in order to avoid a misconception of the views of this court with respect to one of the subjects embraced in the opinion read in the case in the court of chancery, it is necessary that it should be here stated that it is deemed to be entirely clear that the original decree rendered in this proceeding cannot be treated as a nullity. In our opinion, that decree is, within the scope of its operation, absolutely conclusive between these parties so long as it remains unmodified and unreversed.

The facts of the controversy are fully presented in the published report of the proceedings in the court below, so that it would be superfluous to reiterate them. For present purposes, it will be sufficient to regard the subject in its general aspect.

This was the *status* of the case upon the record : The bill sought a foreclosure and was exhibited by Elijah H. Cope, who had sold the premises to one Mickle and had taken the mortgage in question from him to secure part of the consideration money. Subsequently, Mickle sold and conveyed the property, with this encumbrance upon it, to Georgiana Manley, who is the present appellant. The bill exhibited these facts, and, after asking in the usual form for a foreclosure, proceeded to pray as follows, viz.:

"That if the proceeds of the sale of said premises in your orator's said mortgage described shall not be sufficient to pay and satisfy to your orator all the moneys due to your orator upon the said bond and the said indenture of mortgage, that the said Georgiana Manley and John J. Mickle may be decreed by the decree of this honorable court to pay the deficiency."

Consequently, it is apparent from this statement that the legal proposition that the chancellor was then called upon to decide was whether the grantee of mortgaged premises became, by his purchase of them, personally responsible to the mortgagor for any residue of 'his claim that should remain unpaid after the exhaustion of the realty put in pledge. Upon the question thus propounded, it does not seem possible to doubt that the court was bound to respond, for both the subject-matter and the parties were *sub judice*. And, upon the ground of primary principles, it is equally certain that the judicial answer to the inquiry thus made was conclusive upon the litigants until such decree

Manley v. Mickle.

should have been reversed in a direct procedure for that purpose. Whether the decision of the chancellor on the point thus raised was right or wrong is a matter of no account touching the principle in question, for in either aspect the decree must have the finality of an estoppel in all collateral inquiry. To hold otherwise would involve the subject in the utmost confusion; it would supersede the use of demurrers, for all the judicial errors in the determination of the litigation could be passed by and subsequently be treated as nullities. In *Mundy* v. *Vail*, *5 Vr. 418*, the rule prevailing on this subject was thus defined, viz.: "A decree in equity which is entirely aside of the issue raised in the record is invalid, and will be treated as a nullity even in a collateral proceeding;" but in the same case it was distinctly stated that "the judgment or decree of a court having jurisdiction over the controversy and the parties cannot be impeached for error except in a direct proceeding for that purpose."

In view of this doctrine, that appears to be indisputable, the decree under criticism must be regarded as finally settling the controversy between these litigants so far as that controversy is embraced in it. But it does not comprehend the whole of that controversy, now presented, for, while it directs the mortgagor and his grantee to pay the deficiency in question, it is silent as to their right *inter sese;* it does not declare who is the primary debtor in this respect. It is that matter that is to be settled by virtue of the amendments that the order appealed from has provided and which are sanctioned, as above stated, by the court.

Let the decree be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, LIPPINCOTT, REED, VAN SYCKEL, BOGERT, BROWN, KRUEGER—7.

*For reversal*—DIXON, MAGIE—2.